UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In Re:

                                        Case No. 8-09-75541-ast

Frank Aiello,                            Chapter 7



                             Debtor.
--------------------------------------------------------X

## MEMORANDUM OPINION DENYING MOTION TO DISMISS CASE

### Issues Before the Court and Summary of Ruling

Pending before the Court is the motion seeking to dismiss this chapter 7 bankruptcy case for cause, pursuant to 11 U.S.C. § 707(a) (the "Motion") filed by Sysco Food Services of Connecticut, LLC ("Sysco"), and the opposition to the Motion, filed by debtor, Frank Aiello ("Debtor").

For the reasons herein, this Court denies the Motion.

### Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O), and 1334(b), and the Standing Order of Reference in effect in the Eastern District of New York.

### Procedural History

Debtor filed this case under Chapter 7 of the Bankruptcy Code on  July 27, 2009 (the "Petition Date"). [dkt item 1]  On the Petition Date, the Court issued a notice of commencement of this case as a no asset case, and a notice of the mandatory Section 341 meeting of creditors scheduled for August 28, 2009.  Creditors were advised not to file claims unless otherwise instructed to do so. [dkt item 5]  Also on the Petition Date, the Court issued a notice of  the

Memorandum Opinion - p. 1

following deficiencies in Debtor's initial bankruptcy filing (the "Deficiency Notice"):  (1) lack

of pay statements received from any employer within 60 days prior to the Petition Date, or a

statement that the requirement of these pay statements is not applicable (the "Section 521

Deficiency"); (2) lack of a statement pursuant to E.D.N.Y. Local Bankruptcy Rule 1073-2(b), a

disclosure of related bankruptcy cases; and (3) lack of a statement pursuant to E.D.N.Y. Local

Bankruptcy Rule 2017-1, regarding a description of the prepetition services rendered by

Debtor's counsel.  The Deficiency Notice advised Debtor to cure the Section 521 Deficiency and

the other deficiencies by August 11, 2009,[1] or by the August 28, 2009, Section 341 meeting.

Debtor failed to comply.

On September 1, 2009, the Court issued a final notice of the Section 521 Deficiency, the

lack of pay statements. [dkt item 9]

On September 3, 2009, the Chapter 7 Trustee electronically uploaded a report of no

distribution of assets, advising creditors that no dividend would be paid by the trustee.[2]

On October 27, 2009, Sysco filed its Motion. [dkt item 14]  Sysco was the only creditor

which appeared in this case.  Sysco did not file a claim.

On November 25, 2009, Debtor filed opposition to the Motion. [dkt item 16]

On December 21, 2009, Debtor filed employee income records and copies of pay

statements, belatedly curing the Section 521 Deficiency. [dkt item 17]

On December 23, 2009, this Court issued a Contested Matter Scheduling Order,

scheduling an evidentiary hearing on the Motion for February 8, 2010. [dkt item 19]

---

[1]  This date reflects the deadline of fifteen days from the petition date prescribed under Section 707(a)(3).

[2]  In the Eastern District of New York, Chapter 7 Trustees electronically upload reports of no distribution to the CM/ECF system, but these reports are not assigned docket numbers.

On January 2, 2010, Debtor filed copies of pay statements from a new job, which covered a postpetition pay period.

On February 1, 2010, Sysco and Debtor agreed to waive an evidentiary hearing and proceed by written submissions on Sysco's Motion. [dkt item 25]  Sysco's papers were timely filed on February 16, 2010 [dkt item 26], and Debtor's responsive papers were timely filed on March 2, 2010. [dkt item 28]

Neither the Chapter 7 Trustee nor the United States Trustee has taken a position on dismissal of Debtor's case.  Debtor has not yet received his discharge.

## **Legal Analysis**

Sysco asserts two bases as cause to dismiss this case under Section 707(a): (1) under Section 707(a)(1) for "unreasonable delay by the debtor that is prejudice to creditors;" and (2) for bad faith under Section 707(a).

Section 707(a) provides:

The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including--

(1) unreasonable delay by the debtor that is prejudicial to creditors;
(2) nonpayment of any fees or charges required under chapter 123 of title 28; and
(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

11 U.S.C. § 707(a).  Section 707(a)(3) expressly provides that only the United States trustee may seek dismissal under Section 707(a) for failure to cure a Section 521 deficiency.  Here, the United State Trustee has not sought dismissal, and Sysco has not asserted that this Court should dismiss this case based on failure to cure the Section 521 Deficiency under Section 707(a)(3).

Therefore, this Court will focus its analysis on Section 707(a)(1) and bad faith, as alleged by Sysco.

Section 707(a) provides that "the court may dismiss a case under this chapter only after notice and a hearing and only for cause." 11 U.S.C. § 707(a).  The party moving for dismissal under Section 707(a) bears the burden of proving cause by a preponderance of the evidence. *In re Ventura*, 375 B.R. 103, 108 (Bankr. E.D.N.Y. 2007) (citing *In re Horan*, 304 B.R. 42, 46, 48 (Bankr. D. Conn. 2004)).

The enumerated bases of cause in Section 707(a) are examples only; this list is "not exhaustive, but merely illustrative." H.R. REP. NO. 95-595, at 380 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6336; S. REP. NO. 95-989, 94 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5880; *see also Dinova v. Harris (In re Dinova)*, 212 B.R. 437, 442 (2d Cir. B.A.P. 1997); *Ventura*, 375 B.R. at 108.  Accordingly, courts must determine whether cause exists under Section 707(a) on a case-by-case basis. *Dinova*, 212 B.R. at 441 ("In the end, the Court is to assess the vagaries of each case."); *see also Ventura*, 375 B.R. at 108.  A court also exercises substantial discretion in determining a motion to dismiss under Section 707(a).  *In re Smith*, 507 F.3d 64 (2d Cir. 2007) ("[T]he determination of whether cause exists is 'committed to the sound discretion of the bankruptcy court.'"(quoting *In re Hull*, 339 B.R. 304, 307 (Bankr. E.D.N.Y. 2006))).

This Court will separately consider each of Sysco's asserted bases of cause.

A.    *Dismissal Under Section 707(a)(1)*

Sysco asserts sufficient cause exists to dismiss Debtor's case under Section 707(a)(1) for unreasonable delay by Debtor that is prejudicial to creditors.  Sysco argues  Debtor's failure to timely provide its payment advices as required by Section 521(a)(1)(B)(iv) is unreasonable,

particularly because the Court put the Debtor on notice of the deficiencies on two separate

occasions—July 27 and September 1, 2009.  Debtor neither complied with the Court's due dates,

nor requested an extension of time to do so. [dkt item 14, p.3]  Debtor did not comply until

December 21, 2009, more than four months after the pay advices were due. [dkt item 17]  Sysco

further asserts that delay prejudicial to creditors arises from Debtor hindering the efficient

administration of this case because creditors are effectively "put on hold" from pursuing their

state law claims and do not have sufficient information to determine whether to enforce their

claims in bankruptcy. [dkt item 14, p.3] These arguments are not persuasive.

The legislative history for Section 707(a)(1) helps illuminate what Congress intended as

"unreasonable delay by the debtor that is prejudicial to creditors."  Senate Report Number 95-

989, provides in pertinent part:

> The section does not contemplate, however, that the ability of the
> debtor to repay his debts in whole or in part constitutes adequate
> cause for dismissal. To permit dismissal on that ground would be
> to enact a non-uniform mandatory chapter 13, in lieu of the remedy
> of bankruptcy.

S. REP. NO. 95-989, 94 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5880.  Thus, the fact that

Debtor may have effectively put creditors on hold and delayed their pursuit of state law claims is

a mere by-product of having filed bankruptcy and thereby invoked the automatic stay of Section

362.  This delay in collecting debts, without more, cannot alone constitute cause for dismissal.

Further, the fact that Debtor filed a no asset case is also not cause for dismissal.

Rather, Congress must have intended to "prevent the debtor from filing a petition to take

advantage of the protection of the bankruptcy court and subsequently failing to appear or file

necessary schedules, or otherwise failing to take any necessary steps for the proper

administration of the estate." COLLIER ON BANKR. P 707.03 (Alan N. Resnick & Henry J.

Sommer eds., 16th ed.).  However, Section 707(a)(1) is not addressed to such a noncompliant debtor, because Section 707(a)(3) specifically addresses dismissal for a debtor's failure to comply with Section 521 obligations.  Commonly invoked principles of statutory interpretation dictate that a specific provision controls over a more general one. *See HCSC-Laundry v. United States*, 450 U.S. 1, 6 (1981); *see also In re Stoltz*, 315 F.3d 80, 93 (2d Cir. 2002).  Here, as previously noted, Section 707(a)(3) expressly provides that only the United State Trustee may file a motion to dismiss for uncured Section 521 deficiencies.

However, under the 2005 BAPCPA amendments, Congress engrafted Section 521(i), which provides that "notwithstanding Section 707(a)," a party in interest may request dismissal for failure to comply with Section 521. 11 U.S.C. § 521(i).  Because Section 707(a)(3) is expressly limited to a motion by the United States Trustee, a party seeking dismissal for Section 521 deficiencies must specifically seek relief under that section.  However, Sysco has not requested asked for dismissal under Section 521(i), but only under § 707(a).  Further, any such request would be moot in this case at this point, since Debtor did ultimately comply, and did file his pay statements.  Sysco cites no authority for the proposition that a debtor's delay in providing copies of payment advices, alone, constitutes sufficient cause for dismissal under Section 707(a).

 Sysco also does not provide any evidence that it has suffered any actual prejudice beyond that which would be experienced by any creditor who is stayed from collecting a debt. Notwithstanding Sysco's claim that Debtor's delay impeded administration of the case, the Chapter 7 Trustee was able to fulfill his duties and submit the report of no distribution of assets before Sysco  filed its Motion.

Case law determining requests by a creditor for dismissal for cause under Section 707(a)(1) is limited.  Although Congress provided Section 707(a)(1) as an example of cause to

dismiss the debtor's case, this provision is often cited for the opposite purpose—to avoid dismissal of the debtor's case. Creditors often cite Section 707(a)(1) for the proposition that a debtor cannot voluntary dismiss a case for cause when the debtor's unreasonable delay in seeking dismissal would be prejudicial to creditors. The cases upon which Sysco relies, *In re Bruckman*, 413 B.R. 46 (Bankr. E.D.N.Y. 2009), and *In re Hull*, 339 B.R. 304 (E.D.N.Y. 2006), fall into that category.[4]

In *In re Bruckman*, Chief Judge Craig rejected a debtor's request to dismiss his Chapter 7 case for cause because, among other reasons, the debtor had filed in bad faith and dismissal would prejudice creditors. Judge Craig found evidence to support the assertion that if the case were dismissed there would be a "likelihood of further questionable practices to the detriment of creditors." *In re Bruckman*, 413 B.R. at 54 (internal citation omitted). Specifically,

> the debtor did not seek to dismiss this case until nine months after the petition was filed, and that the creditors have been prevented from collecting amounts owed to them for this significant amount of time. On the other hand, in the event the Trustee recovers the Property, given the Debtor's equity in the Property, it appears that the creditors will receive a 100% distribution on their claims.

*Id.*

Thus, Sysco has not demonstrated unreasonable delay which is prejudicial to creditors.

B.      *Dismissal Under Section 707(a) for Bad Faith*

The several Circuit Courts of Appeals that have addressed whether bad faith is a ground for dismissal under Section 707(a) are split on the issue. The United States Court of Appeals for the Second Circuit has yet to rule on this issue.

---

[4] Sysco also cites to *Ventura* and *Dinova*, however, those cases involve the United States Trustee seeking a dismissal of the case under Section 707(a)(3), not 707(a)(1), and are therefore inapplicable here.

The Third and Sixth Circuits have adopted lack of good faith as a basis to dismiss a case for cause under Section 707(a). The Third Circuit held that bad faith is a ground for dismissal which requires something more than just a showing of the debtor's "substantial financial means." *In re Tamecki*, 229 F.3d 205 (2000); *see also Perlin v. Hitachi Capital Am. Corp. (In re Perlin)*, 497 F.3d 364 (2007). In *In re Zick* the Sixth Circuit held that "good faith and candor are necessary prerequisites to obtaining a fresh start." *Zick*, 931 F.2d 1124, 1129 (3d Cir. 2000).

> Dismissal based on lack of good faith must be undertaken on an *ad hoc* basis. It should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence.

*Id.* (internal citation omitted). In *Perlin*, the Third Circuit rejected the assertion that a court cannot consider debtor's income and expenses in a good faith analysis under Section 707(a), simply because Section 707(b) was amended by BAPCPA to provide that a debtor's income and expenses may be a basis for dismissal for abuse. *Perlin*, 497 F.3d at 370-71.

The Eighth Circuit had expressed concern that a generalized bad faith inquiry may be "employed as a loose cannon which is to be pointed in the direction of a debtor whose values do not coincide precisely with those of the court," and that "framing the issue in terms of bad faith may tend to misdirect the inquiry away from the fundamental principles and purposes of Chapter7." *In re Huckfeldt*, 39 F.3d 829, 832 (8th Cir. 1994)(internal citation omitted). Ultimately, the Court followed a "narrow, cautious, approach" and held that "bad faith under §707(a) be limited to extreme misconduct falling outside the purview of more specific Code provisions, such as using bankruptcy as a 'scorched earth' tactic against a diligent creditor, or

using bankruptcy as a refuge from another court's jurisdiction." *Id.* at 832 (citing *In re Kahn*, 172 B.R. at 624-625).

In contrast, the Ninth Circuit had declined to hold that bad faith is the type of cause contemplated by Congress for dismissal under Section 707(a). *In re Padilla*, 222 F.3d 1184 (9th Cir. 2000). The Ninth Circuit noted that, "unlike chapters 11, 12 and 13, chapter 7 has no explicit good faith requirement. Further, the court found that if cause in section 707(a) were broadly construed to include all varieties of debtor misconduct, the later enactment of section 707(b) would have been unnecessary." *Padilla* has been questioned in the Ninth Circuit post-BAPCPA. *See, e.g.*, *In re U.S. Voting Machines*, No. C 05-01281 JF, 2007 WL 4287526 (N.D. Cal. 2007); *In re Mitchell*, 357 B.R. 142 (Bankr. C.D. Cal. 2006). The bankruptcy court in *In re Mitchell* asserted that *Padilla* has been superseded by Section 707(b)(3)(A), which does allow a court to consider whether a petition was filed in bad faith as part of the Section 707(b) abuse analysis. *Mitchell*, 357 B.R. at 152-53.

In the Second Circuit, several bankruptcy courts have addressed the issue of bad faith as cause for dismissal under Section 707(a). For instance, in this district, Judge Eisenberg, in a post-BAPCPA case, held that a chapter 7 case can be dismissed where there is an absence of good faith. *See In re Lombardo*, 370 B.R. 506, 511 (Bankr. E.D.N.Y. 2007). Judge Eisenberg noted that, although the Second Circuit had not yet reached this issue, other courts in the Second Circuit have followed *Zick*. *Id.* (citing *In re O'Brien*, 328 B.R. 669 (Bankr. W.D.N.Y. 2005), *In re Blumenberg*, 263 B.R. 704, 713-14 (Bankr. E.D.N.Y. 2001), and *In re Griffieth*, 209 B.R. 823, 827-28 (Bankr. N.D.N.Y. 1996)). Also, Judge Eisenberg noted that the United States Supreme Court had stated that bankruptcy courts "routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words 'for cause.'" *Lombardo*, 370 B.R. at 511 (citing

*Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 373(2007)).  Judge Eisenberg further

reaffirmed the notion that "bankruptcy is a privilege and not a right and 'Chapter 7 is for the

honest but unfortunate debtor who is seeking a fresh start, not a head start.'" *Id.*

    This Court agrees with and adopts the *Lombardo* analysis.  The Supreme Court in

*Marrama* reinforced the importance of bankruptcy courts policing cases to ascertain whether a

debtor is abusing the bankruptcy process, noting the "authority of the court to take appropriate

action in response to fraudulent conduct by the atypical litigant who has demonstrated that he is

not entitled to the relief available to the typical debtor." *Marrama*, 549 U.S. at 374-75.

    In *Lombardo*, Judge Eisenberg listed fourteen factors a court should consider when

determining bad faith or lack of good faith. *Lombardo*, 370 B.R. at 512.  Here, Sysco asserts that

four of these fourteen factors are present: (a) failure of the debtor to make candid and full

disclosure; (b) unfairness of the use of chapter 7; (c) debtor over utilizing the protections of

bankruptcy to the conscious detriment of creditors; and (d) filing a petition with intent to avoid a

large single debt in response to ligation or collection action. [dkt item 14, p.4]

    In support of factor (a), asserting that Debtor failed to make candid and full disclosure,

Sysco alleges the following facts: (1) the delayed filing of the required payment statements; (2)

Debtor's failure to disclose his relationship to Apple Butter Restaurant & Bar, Inc. ("Apple

Butter") as Vice President, and to Rubco Management Corp. ("Rubco") as Secretary; and (3) his

interest in Apple Butter's liquor license as filed with the New York State Liquor Authority. [dkt

item 14, pp. 5-6]

    Sysco further argues that Debtor's failure to make full and complete disclosure inherently

implicate factors (b) and (c); that is, if a debtor does not comply with his obligations under the

Code, then the debtor necessarily is also using Chapter 7 unfairly and over utilizing the Code to

the conscious detriment of its creditors. [dkt item 14, pp. 7-8]  Finally, Sysco argues that because it is Debtor's largest creditor, allegedly holding a claim for $73,905.00—approximately 43% of the Debtor's total debts owed—a strong likelihood exists that the debtor filed the petition to evade Sysco's collection pursuits, thus, implicating factor (d). [dkt item 14, p. 8]

Sysco's claim that Debtor filed the petition with the sole intent to avoid its collection action lacks factual support and does not rise to the level of egregious conduct necessary to implicate bad faith.  In *Lombardo*, the attorney's claim constituted 87% of the debtor's scheduled claims, and that debtor continually misled the attorney into supplying credit for four years and eventually sought to exempt the benefit it received from the attorney's efforts. *Lombardo*, 370 B.R. at 509-510.  Here, Debtor only signed a guarantee of Sysco's debts.

Any interest of Debtor as a corporate officer is now known to creditors, and yet this information did not prompt the Chapter 7 Trustee to re-notice this case as an asset case.  Sysco does not assert these corporate positions are assets of meaningful value.

After considering the totality of the circumstances, and taking into account that bad faith findings under Section 707(a) should be limited to extreme misconduct falling outside the purview of more specific Bankruptcy Code provisions, this Court concludes that Sysco has not met its burden of showing sufficient bad faith to constitute cause for dismissal under Section 707(a).

## <u>Conclusion</u>

Sysco's Motion should be denied. A separate Order hereon will be entered.



**Dated: April 28, 2010**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**